IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                OPINION AND ORDER

        Plaintiff,

                02-cr-162-bbc

  v.

ANTONIO SHAW,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Antonio Shaw was charged in 2002 with one count of possession with intent to distribute five grams or more of cocaine base and later sentenced to prison for a term of 235 months, with five years of supervised release to follow. He now seeks a reduction in his sentence under Section 404 of the First Step Act of 2018. For the reasons that follow, I conclude that defendant is entitled to a reduction in his sentence.

BACKGROUND

A. Defendant

Defendant was arrested in 2002 and charged with one count of possessing more than five grams of cocaine base with the intent to distribute it. The government later filed a four-count superseding indictment against him, alleging that he had possessed both cocaine base (count 1) and cocaine (count 2) and, as a convicted felon, he had knowingly and unlawfully

1

possessed a Ruger 9mm semi-automatic pistol (count 3) and nine Winchester 9mm cartridges (count 4).

In March 2003, defendant entered a plea of guilty to the initial count of possession with intent to distribute. He was informed that he was subject to a statutory mandatory minimum of five years in prison and a maximum sentence of 40 years. The sentencing judge, the Honorable John Shabaz, found that defendant had possessed 41 grams of cocaine base and 249.15 grams of cocaine and that he was a career offender because he was at least 18 when he committed the offense, the offense was a controlled substance offense and he had at least two prior state felony convictions of either a crime of violence or a controlled substance offense. With a statutory maximum term of imprisonment of 25 years or more, defendant's base offense level was 34. With a three-level reduction for his acceptance of responsibility, his total offense level was 31 and his sentencing guideline range was 188-235 months. He was sentenced on May 2003 to a term of 235 months, with the sentence to run consecutively to his then-undischarged state sentences, with five years of supervised release to follow. He has completed his state sentences, but remains in prison on his federal charge, with a projected release date in September 2020.

B. <u>Sentencing Legislation</u>

In 2010, Congress responded to wide-spread criticism of the severity of federal sentencing policies by passing the Fair Sentencing Act. This act reduced the length of the enhanced sentences imposed on persons convicted of crack cocaine offenses and on those

convicted of certain violent felonies. Under the new Act, the amount of crack cocaine that would trigger a statutory penalty of five to 40 years was increased from five to 28 grams. The new law applied to persons who had been sentenced for crack cocaine offenses *on or after* August 3, 2010. It did not apply to defendant or any other offender who had been serving a sentence for one of the covered offenses before that date. Pub. L. 111-220, 124 Stat. 2372 (2010), codified at 21 U.S.C. § 841(b)(1)(A)(iii) (2010).

More than eight years later, in December 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, making it possible for persons sentenced before August 3, 2010 for "serious drug felonies" or "serious violent felonies," as enumerated in 18 U.S.C. § 924(e) and 18 U.S.C. § 3559(c)(2) or 18 U.S.C. § 113, to seek reduced sentences. The full text of the First Step Act reads as follows:

### Sec. 404. APPLICATION OF FAIR SENTENCING ACT.

(a) Definition of Covered Offense. – In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) that was committed before August 3, 2010.

(b) Defendants Previously Sentenced. – A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations. – No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of

3

enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, S. 3747, 115th Cong. § 404(a) (2018).

Defendant filed for relief under the First Step Act on March 1, 2019.

OPINION

To qualify for resentencing under the First Step Act, a defendant must show that (1) he is challenging a sentence imposed under a statutory provision that has been modified by the Fair Sentencing Act (21 U.S.C. § 841(b)(1)(2)); (2) he was not sentenced for his crack cocaine offense on or before August 3, 2010; (3) he has not had his sentence reduced previously under section 2 or 3 of the Fair Sentencing Act; and (4) he has not filed any previous motion under the Act for reduction of his sentence that was denied. The parties agree that defendant meets three of the four criteria: he committed his crack offense before August 3, 2010 and he has neither filed a motion for resentencing under section 2 or 3 of the Act nor filed a previous motion under § 404 that was "denied after a complete review of the motion on the merits." §404(3).

However, the government contends that defendant cannot meet the first criterion because he cannot show that the sentence he is challenging was imposed under a statutory provision that has been modified by the Fair Sentencing Act. Although the government acknowledges that the sentencing category in which defendant falls is no longer "five grams or more of cocaine base," but "28 grams or more," it denies that this change reflects any

4

actual change to the statutory penalties that apply to defendant. Instead, it says, the new wording simply reflects the lowest range of the sentence, just as "five grams or more" did in the old version of the statute. In either version, the statutory mandatory minimum penalty is five years and the maximum penalty of 40 years. Thus, in the government's view, neither Congress's passage of the Fair Sentencing Act nor its subsequent passage of the First Step Act supports a reduction in the sentence imposed on defendant in 2003.

According to the government, the First Step Act "expressly permits the court to reduce a sentence only for a 'covered offense,'" that is, for an offense defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by sections 2 or 3 of the Fair Sentencing Act of 2010, Gov't.'s Br., dkt. #41, at 6, and, in this instance, defendant "committed a *violation* for which the statutory penalties have *not* been modified, and thus fails to satisfy the First Step Act's definition of a "covered offense.'" Id. (italics in original.) It adds that defendant was found guilty in 2003 of possessing 41 grams of crack cocaine; if he were sentenced today, the 41 grams would justify sentencing him for possessing at least 28 grams of crack cocaine, with the result that he would be eligible for the same penalty imposed on him in 2003.

If the government is correct, the First Step Act has no application to defendant. He was charged with possessing with intent to distribute five or more grams of crack cocaine. According to the probation officer, he agreed when he entered his plea of guilty to the offense that "all relevant conduct would be used to determine his guideline range," Presentence Investigation Report at p.3, and he did not deny that he was responsible for 41 grams of

5

cocaine base. Id. However, as other courts have noted, the law has changed since defendant was sentenced in 2003. It is no longer the case, as it was then, that when imposing a sentence, the court may take into consideration not only the drug amounts to which the defendant is pleading guilty, but additional drug amounts identified by the probation office and not objected to by the defendant.

In defendant's view, the First Step Act provides only for *resentencing,* which means that the government cannot charged him now with distribution of 28 grams of crack cocaine instead of the five grams or more with which it charged him in 2003, and then obtain a conviction on such a charge. He points out that Congress is presumed to legislate in light of constitutional requirements, Rust v. Sullivan, 500 U.S. 173, 191 (1991) and Cannon v. University of Chicago, 441 U.S. 677, 699 (1979). This presumption means that when Congress enacted the First Step Act, it did so in light of the holding in Alleyne v. United States, 570 U.S. 99 (2013), that any fact that increases the mandatory minimum sentence for a crime is an element of the crime, not a mere "sentencing factor." Thus, a criminal defendant found guilty after a trial is entitled to a determination *by a jury* that he or she is guilty beyond a reasonable doubt of every element of the crime charged, including drug amounts and any other facts that would justify an enhanced sentence.

In this case, defendant entered a plea of guilty rather than requiring the prosecutor to prove to a jury all of the elements necessary to support his conviction. His plea agreement says nothing about the amount of drugs to which he was pleading guilty, but the crime to which he pleaded guilty charged him with only five grams or more. He contends that he is

6

bound only by the charge in the indictment and that because this amount now falls below the minimum required for a conviction under 21 U.S.C. § 841(b)(1)(B)(iii), he is entitled to immediate release under the First Step Act.

I agree with defendant that he cannot be found guilty of distributing a greater quantity of crack cocaine than the amount charged against him in 2003 and that a charge of "five grams or more of cocaine" would not subject him to the same sentence he received more than 15 years ago. He would not be entitled to relief if he were seeking only collateral relief, but he is seeking a reduction in his sentence under the First Step Act, which contains a broad grant of authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect." First Step Act, § 404(b). See, e.g., United States v. Rose, 2019 WL 2314479, at *3 (S.D.N.Y.) (text of First Step Act "mak[es] clear that eligibility [for reduced sentence] is determined by the statute[s] underlying the defendant's conviction and penalty, not the defendant's offense conduct" and any ambiguity must be resolved in favor of defendant. See also United States v. Dodd, 372 F. Supp. 3d 795, 798 (S.D. Iowa) (noting that First Step Act "contains a broader grant of authority to 'impose a reduced sentence'" than sentence reductions under 18 U.S.C. § 3582(c)(2), 28 U.S.C. §§ 940(o) and 944(u) and the Sentencing Guidelines § 1B1.10); United States v. Davis, 2019 WL 1054554 (W.D.N.Y. 2019) (rejecting government's argument that reduced sentence not appropriate because if Fair Sentencing Act had been in effect when defendant committed his crime, indictment would have alleged that defendant's conduct had involved 280 grams or more of cocaine base and holding that "it is the statute of conviction, not actual conduct, that controls eligibility under

7

the First Step Act."); United States v. Pierre, 372 F. Supp. 3d 17, 22 (D.R.I. 2019) (court has discretion to impose reduced sentence on defendant charged with possession with intent to distribute 28.77 grams of crack cocaine because defendant's conviction falls within definition of a "covered offense": "violating a statute (28 U.S.C. § 841(a)(1)(b)(1)(B))" that has been "modified by section 2 or 3 of the Fair Sentencing Act of 2010)," United States v. Tucker, 356 F. Supp. 3d 808 (S.D. Iowa 2019); United States v. Coleman, 2019 WL 1877229 (E.D. Wis. 2019).

I agree with the reasoning of those courts that have concluded that eligibility under the First Step Act is determined by looking at the statute of conviction, not the defendant's conduct. Under that standard, I find that defendant is entitled to relief.

Defendant has asked for a sentence of time-served. That request will be granted because he has already served more than 180 months of his 235-month sentence.

ORDER

IT IS ORDERED that defendant Antonio Shaw's motion brought under the First Step Act, § 404, for a reduction in his sentence is GRANTED. Defendant's sentence is REDUCED to time served as of June 28, 2019. His term of supervised release is REDUCED to four years.

Defendant's conditions of supervised release are modified to include the following additional condition to assist him in his transition from prison:

> Defendant is to spend the first 180 days of supervision in a residential re-entry center. He may be absent from the center for employment purposes, for

mental health counseling and treatment and for passes consistent with program rules.  Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of his residence.  Defendant may be discharged early from the program facility upon the approval of both the facility administrator and the supervising U. S. Probation Officer.

Entered this 13th day of June, 2019.

                          BY THE COURT:

                          /s/

                          _____
                          BARBARA B. CRABB
                          District Judge